# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH HAGGARD, et al.,** | : | |
| Plaintiffs, | : | Case No. 2:09 cv 00044 |
| vs. | : | Judge Sargus |
| **THOMAS J. OSSEGE, et al.,** | : | Magistrate Judge Abel |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure and the stipulation of the parties, the Court enters this Protective Order. It is hereby ORDERED THAT:

1. Any party may designate any documents, answers to interrogatories, deposition testimony, exhibits, or other information produced by that party through discovery proceedings herein as Confidential Information ("Confidential Information"). Any "Confidential Information" so designated may only be used in connection with these proceedings and shall not be disclosed or utilized in any other respect, except as may be otherwise provided for in this Protective Order.

2. Any "Confidential Information" designation shall be without prejudice to the rights of any other party to apply to the Court for a determination of whether the designation is proper. The challenging party, however, shall first use informal conciliation attempts as provided in the Local Rules of this Court. If those attempts fail, then the challenging party shall have the right to file an appropriate motion seeking a ruling from the Court regarding the propriety or impropriety of the "Confidential Information" designation. Each party also has the

right to apply for a further protective order if it believes greater protection than that afforded hereby is necessary for certain information to be produced.

      3.      The designation of the information as "Confidential Information" for purposes of this order shall be made as follows:

      (a)      In the case of documents, answers to interrogatories, or other written materials (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto), by stamping each page of such "Confidential Information" with "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation.

      (b)      In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record by counsel for the party making the disclosure at the time of such disclosure.

      (c)      In the case of documents produced by a non-party, by a written statement from counsel specifically designating the information to be Confidential Information.

      4.      Whenever any "Confidential Information" is disclosed or used at a deposition or other pretrial testimony in this action, (i) each portion of any such testimony in which the "Confidential Information" is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such "Confidential Information;" (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential -- Subject to Protective Order," (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Protective Order; and (iii) the confidential transcript and confidential exhibits shall not be filed with this Court except in accordance with Paragraph 5 below.

5. Any "Confidential Information" filed with the Court (including, without limitation, any such material which is revealed by, referred to, summarized in, or attached to any pleadings, affidavits, briefs or memoranda) (i) shall be filed in a sealed envelope bearing a conspicuous notice that the envelope contains "Confidential Information" not to be displayed or revealed except to the attorneys of record in the case and Court personnel without Order of the Court, and (ii) shall not become a part of the public record of this action, except upon further Order of the Court.

6. "Confidential Information" produced by a party may be disclosed by the parties hereto and their counsel only to the following persons:

(a) to the Court at any pretrial or post-trial stage of this action, either *in camera*, or in a sealed envelope, or under such other safeguards as the Court may require in order for "Confidential Information" to be used or introduced at any pretrial or post-trial hearing herein;

(b) to the parties and counsel for the parties in this action actually working on this action (including attorneys who are officers or employees of a party and who are acting purely in a legal and not a business capacity with respect to this action and employees of a party with whom counsel may confer with respect to the action) and paralegals, legal assistants, and secretaries of such counsel actually working on this action;

(c) to court reporters recording proceedings in this action;

(d) potential witnesses;

(e) deponents; and

(f) any expert(s) consulted or retained to assist in the preparation of the case, or to testify, who is designated in writing by any party.

7. Exhibits containing "Confidential Information" may be offered into evidence provided the proponent of the evidence gives notice of the intention to offer such "Confidential Information" at the time the Court requires the parties to identify their trial exhibits, so that the Court may impose safeguards to preserve the confidentiality of the information contained in the exhibits.

8. Within thirty days after the conclusion of the proceedings in this action, including any settlement, appeals or retrials, all "Confidential Information" shall be returned to the producing party, and any copies or extracts thereof, or documents containing information taken therefrom, shall also be returned to the producing party. Counsel for the receiving parties shall give the producing party a written statement that all such "Confidential Information" (and copies or extracts thereof) has been returned.

9. This Protective Order may be construed or modified by the Court, on application of any party or on its own initiative, to insure that adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any "Confidential Information," except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties. This Protective Order is not intended to and shall not benefit or be invoked by persons or entities not a party to this lawsuit, other than any person or entity who is required to respond to a subpoena served by a party in this matter. A person or entity whose (a) documents that are subject to a subpoena in this action, or (b) documents that are in the possession of a party who, in response to discovery requests, are obligated to produce the non-party's documents, may invoke the protection of the Court under this Protective Order and, at its discretion, designate documents as confidential.

10. By agreeing to this stipulated Protective Order, neither party waives its attorney-client privilege or any other protections provided by federal or state law. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any "Confidential Information."

11. The provisions of this Protective Order shall continue to be binding upon all parties and their counsel in this action until the conclusion of this action. The Court retains jurisdiction over the parties and their counsel for enforcement of the provisions of this Protective Order following the conclusion of this action.

IT IS SO ORDERED.

s/Mark R. Abel
United States Magistrate Judge

APPROVED:

/s/ Marion H. Little, Jr.
Marion H. Little, Jr.   (0042679)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio  43215
Telephone:  (614) 365-9900
Fax:  (614) 365-7900

Trial Attorneys for Plaintiff
MVB Mortgage Corporation

/s/ Thomas W. Heinstschel
Thomas W. Heintschel (0008887)
Frederickson, Heintschel & King Co., L..P.A.
405 Madison Avenue, Suite 1212
Toledo, Ohio 43604
Telephone: (419) 242-5100
Fax: (419) 242-5556

Trial Attorneys for Defendant
Federal Deposit Insurance Corporation


/s/ John C. Deal
John C. Deal, Esq.
Winkler & Winkler LLC
326 South High Street, Suite 400
Columbus, OH  43215
(614) 340-9823
(614) 559-3846 (fax)
jdeal@columbuscounsel.com

Trial Attorney for Defendants
Thomas Ossege, Jean Huffer and Emma Erb

/s/ Terrence G. Stolly
Terrence G. Stolly, Esq.
Thompson, Dunlap & Heydinger, Ltd.
1111 Rush Avenue
P.O. Box 68
Bellefontaine, OH  43311
Telephone: (937) 593-6065
Facsimile: (937) 593-9978
E-Mail: tstolly@tdhlaw.com

Trial Attorney for Defendant Tina Burrey

841-001:192493