IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth E. Haggard, et al.

      Plaintiffs,

    v.                    Case No. 2:09-cv-0044

Thomas J. Ossege, et al.      JUDGE JAMES L. GRAHAM
                                  Magistrate Judge Kemp

      Defendant/
      Third-Party Plaintiffs,

    v.


Federal Deposit Insurance
Corporation,

      Third-Party Defendant.


<u>ORDER</u>

This case is before the Court to consider a motion to compel discovery filed by defendants and third-party plaintiffs, Thomas J. Ossege, Jean E. Huffer, and Emma Erb ("Ossege Defendants"). For the following reasons, this Court will deny the Ossege Defendants' motion to compel.

I.  <u>Introduction</u>

This case involves allegations of intentional misrepresentation made by officers or directors of Miami Valley Bank ("Bank") in connection with certain loan transactions. Plaintiffs, Kenneth E. Haggard and Maryann Tomczyk, who are, respectively, the sole shareholder and the chair of the board of directors of the Bank, filed suit against the Ossege Defendants, each of whom was an officer or director of the Bank, asserting various claims against them relating to transactions conducted between the Bank and another entity, MVB Mortgage Corporation. The Ossege Defendants then filed a third-party complaint against

the FDIC as receiver of the Bank (FDIC-R), alleging that if they are found liable on the plaintiffs' claims, the FDIC-R would be obligated to indemnify them for their attorney's fees, expenses, and any judgment.

In their motion to compel, the Ossege Defendants argue that FDIC-R improperly refused to produce documents after being served with a request for production under Fed.R.Civ.P. 34. The motion seeks an order compelling FDIC-R to produce documents responsive to requests numbers 16-19.

## II. <u>Discussion</u>

The first three requests for production of documents at issue, numbers 16 through 18, requested that the FDIC-R produce each balance sheet and trial balance of the Bank and its receiver, including documents showing the sale or loss of any assets of the Bank or its receivership; each income statement of the Bank or its receiver, including all documents showing any income or expense of the Bank or its receivership, including documents showing any income or expenses; and documents relating to the existence of all non-book assets of the Bank or its receivership, including possible causes of action against directors, officers, controlling shareholders, attorneys, and accountants. See #98, Ex. A. In essence, the Ossege Defendants have asked the FDIC-R to produce documents relating to the value of the Bank prior to and during the period of its receivership.

The FDIC-R has objected to these document requests because, among other things, it believes the Ossege Defendants are seeking discovery in order to challenge a "no value" determination that was made by the FDIC on March 28, 2011. <u>See</u> Determination of Insufficient Assets, 76 Fed. Reg. 18551-02 (April 4, 2011). The no value determination states that "[T]he FDIC has determined that insufficient assets exist to make any distribution on general unsecured creditor claims (and any lower priority claims)

and therefore, all such claims, asserted or unasserted, will recover nothing and have no value." Id.  The FDIC-R argues that the information being sought in requests 16 through 18 is relevant only to the Ossege Defendants' attempt to collaterally attack the no value determination.  However, the FDIC-R asserts that the administrative "no value" determination is conclusive and binding on the Court and all creditors and is subject to challenge only under the Administrative Procedures Act ("APA").

In support of their motion to compel, the Ossege Defendants argue that because the FDIC is a party to this suit and the actions of the FDIC elsewhere indicate that the receivership is not insolvent, they are entitled to discovery on the insolvency question.  Ordinarily, the solvency of a party against whom a claim for damages is asserted would not be a proper subject of discovery until a judgment is actually entered on that claim.  However, the Ossege Defendants point out that the FDIC has moved to dismiss this action on grounds of mootness, and has cited to the no value determination as the basis of its motion.  Thus, the Ossege Defendants appear to be arguing that because the FDIC-R itself has raised an issue tied to the Bank's financial condition, they are entitled to conduct discovery about it.

A no value determination by an agency, such as the FDIC, is a final agency action "which is reviewable under the provisions of the Administrative Procedure Act[, 5 U.S.C. §§ 701-706,] in an action against the [agency], but not subject to collateral attack through discovery or other means in individual lawsuits against the receiver."  Federal Sav. & Loan Ins. Corp. v. Locke, 718 F.Supp. 573, 586 (W.D.Tex.1989).  See Adams v. Resolution Trust Corp., 927 F.2d 348, 355 n. 15 (8th Cir. 1991); 281-300 Joint Venture v. Onion, 938 F.2d 35, 38 (5th Cir. 1991).[1]  In their

---

[1] Cases involving the Resolution Trust Corporation ("RTC") and the Federal Savings and Loan Insurance Corporation ("FSLIC")

Second Amended Complaint, the Ossege Defendants have not made a claim under the APA to challenge the no value determination. Consequently, even though the FDIC-R has asked the Court to take into account the fact that the receivership has no assets to satisfy claims from creditors in the posture of the Ossege Defendants, the information which the Ossege Defendants seek in discovery could not be submitted to the Court in order to controvert the FDIC-R's claim of mootness. Otherwise, the Court would be entertaining an improper collateral attack on the administrative no value determination. Therefore, because the no value determination is not subject to collateral attack in this action, the documents requested in numbers 16 through 18 are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b).

The fourth request for production of documents, number 19, requests documents contained in the record of an FDIC enforcement action, In re Haggard and Tomczyk, FDIC-09-545e & FDIC-09-547k, including exhibits offered in evidence, whether or not admitted. FDIC-R objected to this request on the basis that the documents contained in the record of that administrative proceeding are not in its possession, custody, or control. It asserted that a request for these documents can only be made under 12 C.F.R. Part 309 through the office of the Executive Secretary of the FDIC. The basis of this argument is the FDIC-R's position that the FDIC, in its corporate capacity as the party which pursues administrative proceedings, is a different party from the FDIC-R

---

are instructive to cases interpreting the FDIC. See FDIC v. Rahn, 116 F.3d 1142, 1145 (6th Cir. 1997)(noting that discussion of the FDIC's powers apply equally to the FSLIC); See also Nasoordeen v. FDIC, No. CV 08-05631 MMM, 2010 WL 1135888, at *2 n.5 (C.D. Cal. March 17, 2010)(noting that because the FDIC is governed by the Financial Institutions Reform, Recovery, and Enforcement Act, just as the RTC was, case law interpreting the statute during the period the RTC was in existence is instructive).

as a receiver of failed financial institutions.

The FDIC functions "in several different guises (as receiver, as conservator, and as a corporation)" and "each organization can conduct arm's length transactions with itself in these various capacities." FDIC v. Rahn, 116 F.3d 1142, 1145 (6th Cir. 1997). "On one hand, the FDIC acts as receiver of a failed bank, marshaling its assets in order to pay the bank's creditors. On the other hand, the FDIC-Corp. acts as an insurer of member banks. In its corporate capacity, the FDIC must make the most of the assets purchased from the FDIC as receiver." Id. quoting Trigo v. FDIC, 847 F.2d 1499, 1502 n.3 (11th Cir. 1988); see Locke, 718 F.Supp. at 579 -580.

Courts have applied this distinction in the context of discovery. At least one court observed that "[t]he distinction plaintiff draws between the FDIC as a Receiver and the FDIC as a corporate regulator is a valid one. It is not . . . merely a ruse to obstruct discovery." FDIC v. Wachovia Insurance Services, Inc., No. 3:05 CV 929(CFD), 2007 WL 2460685, at *2 (D.Conn. August 27, 2007).

Request for production of document number 19 requests documents contained in the record in In re Haggard and Tomczyk, FDIC-09-545e & FDIC-09-547k, which is an enforcement action initiated by the FDIC acting in its corporate capacity, not its receivership capacity. The FDIC, in its corporate capacity, is simply not a party to this lawsuit. As such, the documents created or submitted during the course of the administrative proceeding initiated by the FDIC in its coporate capacity are not in the "possession or control" of FDIC-R and the Ossegee Defendants cannot obtain them through a Rule 34 request. See Fed. Rule Civ. P. 34 (obligating all parties to respond to discovery requests for documents, electronically stored information, or tangible things which are within their

possession, custody, or control subject to the limitations in Fed. R. Civ. P. 26(b)).  Of course, the Ossege Defendants may pursue these documents from the FDIC, in its corporate capacity, through whatever legal means available, just as they would be permitted to do with respect to any other discovery sought from a non-party.

### III.  Order

Based on the foregoing, the Ossege Defendants' motion to compel (#98) is denied.

### IV.  Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Fed. R. Civ. P. Rule 72(a); Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge