IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth Haggard, et al.,

    Plaintiffs,

v.

Thomas J. Ossege, et al.,

    Defendants/Third-Party Plaintiffs,

v.

Federal Deposit Insurance Corp.,

    Third-Party Defendants.

Case No. 2:09-cv-44

Judge Graham

Magistrate Judge Kemp

## OPINION

I.   INTRODUCTION

This case was originally filed in the Court of Common Pleas for Logan County, Ohio by plaintiffs Kenneth Haggard, Maryann Tomczyk and their company MVB Mortgage Corporation. The original complaint alleged that Thomas Ossege, Jean Huffer, and Emma Erb[1] ("Ossege defendants")– who are former officers and directors of the Miami Valley Bank ("the Bank") – kept false and incomplete bank records of a March 2007 transaction between the Bank and MVB Mortgage. The complaint further alleged that the officers supplied the records and other false information to the FDIC, without correction, when the FDIC investigated the March 2007 transaction. According to the complaint, the FDIC relied on the false information in ordering the reversal of the transaction, which ultimately caused plaintiffs to have their assets frozen. The complaint asserted claims against the officers for violations of certain sections of the Ohio Revised Code prohibiting the making of false statements about the financial condition of a bank (O.R.C. §

---

[1]Tina Burrey was dismissed as a co-defendant by stipulation on June 15, 2010. (doc.69).


1127.09), the issuing of false reports by a bank officer (O.R.C. § 1701.93), and the making of false statements to a public official (§ 2921.13).

On October 4, 2007, the Bank was closed and the FDIC was appointed receiver. 12 U.S.C. § 1821(c). The Ossege defendants then filed a third-party complaint against the FDIC, in its capacity as Receiver for the Bank, alleging that the Bank owed them a duty of indemnification under both the Bank's Code of Regulations and Ohio Revised Code § 1701.13(E)(3). The FDIC then removed the action to this court, citing 12 U.S.C. § 1819(b)(2), which provides for federal court jurisdiction over cases in which the FDIC is a party:

> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(A). The FDIC is authorized to remove state court actions in which it is a party to federal court:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819(b)(2)(B).

By order dated September 15, 2010, the court ordered the parties to brief the issue of what impact, if any, 12 U.S.C. § 1819(b)(2)(D) (containing a state action exception to a federal court's jurisdiction to hear suits removed by the FDIC) had on the propriety of removal and stayed resolution of pending motions to dismiss, to strike, and to remand. Having reviewed the parties briefings, the court concludes that 12 U.S.C. § 1819(b)(2)(D) need not be considered because, for other reasons, the court lacks subject matter jurisdiction over the third party complaint against the FDIC. As there is no other basis for jurisdiction in this court, the remaining claims are remanded to state court.

2

II.     DISCUSSION

The Financial Institutions Reform and Recovery Enforcement Act of 1989, 12 U.S.C. §§ 1812 et seq. ("FIRREA") provides a claim procedure for all claims asserted against assets of a failed financial institution. See, Village of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 385 (6th Cir. 2008). Pursuant to 12 U.S.C. §§ 1821(d)(3)-(5), if the financial institution has failed and the FDIC has been appointed receiver, then all subsequent claims must be presented first to the FDIC for determination on whether the claims should be paid. See, Zaremba Group, LLC v. FDIC, No. 10-11245, 2010 U.S. Dist. LEXIS 100532 (E.D. Mich. Sept. 23, 2010). Administrative review of the claims by the FDIC is mandatory and a court is barred from hearing any claim against a bank in receivership if the claim is brought after the receivership commences. Id (citing 12 U.S.C. § 1821(d)(3)(D)).[2] Once a claim has been filed with the FDIC, the FDIC has 180 days in which to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(I). Thereafter, within sixty (60) days of the earlier date of either the running of the 180 days period for review of the claim, or the "date of any notice of disallowance of such claim..." the claimant may:

> ... file suit on such claim(or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A)(i)(ii).

If the claimant fails to either request administrative review of any claim (12 U.S.C. § 1821(d)(6)(B)(i) or file suit on such claim (or continue an action commenced before the appointment of the receiver) (12 U.S.C. § 1821(d)(6)(B)(ii)), before the end of the 60-day period, the "claim shall be deemed to be disallowed...as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B). Exhaustion of FIRREA's administrative remedies is a "jurisdictional prerequisite

---

[2]

to suit in district court." Vill. of Oakwood, 539 F.3d at 385-86 (6th Cir. 2008).

The FDIC was appointed receiver on October 4, 2007. Plaintiffs filed suit against the Ossege defendants in the Court of Common Pleas, Logan County, Ohio on September 12, 2008. The Ossege defendants filed their third-party complaint against the FDIC in the state court on November 5, 2008. After the third-party complaint was filed in state court, the FDIC sent Ossege defendants' counsel notice that the claims[3] bar date had passed but that federal law allowed the Receiver to consider claims after the bar date if: "1) the claimant did not receive notice of the appointment of the Receiver in time to file the claim, and 2) the claim is filed in time to permit payment of the claim." (Doc. 85 ¶11). The notice further asked that Ossege defendants submit a proof of claim on or before February 19, 2009. (Id). On January 20, 2009, the FDIC removed the case to this court. Approximately three weeks later, on February 13, 2009, the Ossege defendants filed a proof of claim with the FDIC. (Id ¶14). In their proof of claim, the Ossege defendants admitted that they had known of the appointment of the Receiver but did not file earlier because the claim for indemnification did not arise until the state lawsuit against them was filed. (Id). By letter dated July 29, 2009, the FDIC denied the Ossege defendants' claims on the ground that the "claim was not fixed and certain at time of closing and was untimely filed." (Id. ¶15). On October 2, 2010 the Ossege defendants filed an amended third party complaint in this court alleging the exhaustion of administrative remedies.

---

[3]"Claim" is not explicitly defined in FIRREA. However, the Act is clear that all claims or actions for "payment from...the assets of any depository institution for which the Corporation [FDIC] has been appointed receiver. . ." are subject to mandatory administrative review. 12 U.S.C. § 1821(d)(13)(D). The parties do not dispute that the Ossege defendant's suit for indemnification constitutes a "claim" nor would such an argument be persuasive. Clearly, the Ossege defendants' assertion that they are entitled to payment (indemnification) from the assets of the Bank for which the FDIC has been appointed Receiver, falls within the ambit of Section 1821(d)(13)(D).

4

Pursuant to 12 U.S.C. § 1821(d)(6)(A)(i)(ii), the Ossege defendants had sixty days from the date they were notified that the FDIC was disallowing their claim (July 29, 2009) to either seek agency review or file suit in the appropriate district court. Thus, the Ossege defendants had to file suit in "the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia" on or before September 29, 2009. See 12 U.S.C. § 1821(d)(6)(A)(i)(ii). The amended third party complaint alleging exhaustion of administrative remedies was not filed in this court until October 2, 2009, outside of the sixty day period. The FDIC asserts that this is a complete bar to the Ossege defendants' suit pursuant to 12 U.S.C. § 1821(d)(6)(B). The Ossege defendants assert that because the amended third party complaint relates back to the original third party complaint that was filed well before the notice of disallowance, the amended complaint was timely and this court is not barred from hearing their claim against the FDIC.

At the time the Ossege defendants filed their original third party complaint against the FDIC in state court, the state court did not have any jurisdiction over the claim because the Ossege defendants had not only not yet exhausted their administrative remedies but had also filed their third-party complaint in state court, rather than commencing suit in the appropriate district court. See Vill. of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 385-86 (6th Cir. 2008). Nonetheless, the third party plaintiffs seek to have the amended complaint relate back to the improperly filed original complaint. The question is whether the amended complaint relates back to the original complaint under Fed. R. 15(c) so as to make it timely filed.

The court is unaware of a Sixth Circuit case directly on point. However, a review of analogous cases leads to the conclusion that the amended complaint does not relate back and

5

therefore that the third party complaint is untimely. In <u>Austin v. Trandell</u>, 207 F. Supp. 2d 616 (E.D. Mich. May 28, 2002), members of UAW Local 594 asserted a claim under the Labor Management Reporting Disclosure Act, 29 U.S.C. §501 for breach of fiduciary duty. Section 501 authorizes a union member to sue a union officer except that "no such proceeding shall be brought except upon leave of the court obtained upon verified application..." <u>Austin</u>, 207 F. Supp. at 620. Plaintiffs filed suit within the applicable statue of limitations but did so without seeking leave of court. An amended complaint that sought leave of court was filed outside the statute of limitations and plaintiffs argued that the amended complaint related back under Fed. R. 15(c). In concluding that the amended complaint did not relate back, the court stated, "[I]t is axiomatic that in order for the doctrine of relation back to apply, the prior pleadings must be properly filed and the court must have jurisdiction over the claim at the time of the prior pleadings." <u>Austin</u>, 207 F. Supp. at 624. Because the plaintiffs never sought leave to file their original complaint, a prerequisite to suit under Section 501, neither complaint was properly filed and the court lacked jurisdiction over that complaint. Thus, there was no prior pleading to which the amended complaint could relate back. <u>Id</u> at 625.

Likewise, in the instant case, there was a jurisdictional prerequisite to the filing of suit against the FDIC for indemnification. FIRREA mandates that the claimant proceed through the administrative process first, and then file in the proper district court within sixty days of the claim being disallowed. Ossege defendants' original third party complaint was filed prior to exhausting the administrative procedures, and was filed in state court. The state court had no jurisdiction over the third party complaint. Accordingly, there is nothing for the amended complaint to relate back to and this court is also without jurisdiction over the third party complaint. See <u>Reynolds v. U.S.</u>, 748 F. 2d 291 (5th Cir. 1984)(amended complaint which was filed on a date the court lacked

6

jurisdiction based on expired statute of limitations related back to a date when the court was also without jurisdiction and therefore the court had no subject matter jurisdiction);Gaia Techs., Inc. v. Reconversion Techs., Inc., 93 F.3d 774, 779 (Fed. Cir. 1996)(a pleading purporting to amend a complaint, which complaint was filed by a party without standing, cannot relate back to the filing of the original complaint, because there is nothing "back" to which to relate)); Papenthien v. Papenthien, 16 F. Supp. 2d 1235, 1240-1241 (S.D. Cal. 1998)(stating that "it strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint."); Roberts v. Newberry Coll., C/A No. 7:08-3198-GRA-BHH, 2009 U.S. Dist. LEXIS 44961 (D.S.C. May 27, 2009) (Since plaintiff did not file within that ninety days, her original complaint was untimely and "there is effectively nothing for the Title VII claim, pled in the amended complaint, to relate back to.").

Having determined that the amended third party complaint was untimely, this court does not have jurisdiction over the Ossege defendants' claim against the FDIC and the same is dismissed. See Wash. Mut. Bank v. McCue, No. 3:07 CV 2197, 2010 U.S. Dist. LEXIS 4466 (N.D. Ohio Jan. 20, 2010). The only remaining claims pending before this court are the plaintiff's state law claims against the defendants. There is a lack of complete diversity between the parties and there are no remaining federal questions. Accordingly, the court lacks jurisdiction over the matter and declines to exercise supplemental jurisdiction. See, Woods v. Lagrange, No. 3:05 CV 7060, 2006 U.S. Dist. LEXIS 6872 (N.D. Ohio Feb. 23, 2006) (court has discretion to decline to exercise supplemental jurisdiction over state claims once federal claims have been dismissed). Accordingly, the court remands the case to the Court of Common Pleas for Logan County, Ohio.

III. CONCLUSION

7

For the foregoing reasons, the third-party complaint against the FDIC is DISMISSED with prejudice. The remaining claims are REMANDED to the Logan County, Ohio Court of Common Pleas.

IT IS SO ORDERED.

<div style="text-align:right">

S/ James L. Graham
James L. Graham
UNITED STATES DISTRICT COURT

</div>

Date: October 19, 2011